SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X
ALYSSA BOMPARTITO and JOSEPH BOMPARTITO,

                                Plaintiff(s),

    -against-

WALMART and WAL-MART STORES, INC.,

                                Defendant(s).
---------------------------------------------------------------------X

Index No.:
Date Purchased:

**E-FILED SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
18 Schley Avenue
Lindenhurst, NY 11757
County of Suffolk

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
       November 19, 2020

_____
SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 200235

TO:

Walmart
965 Broadhollow Road
Farmingdale, NY 11735

Wal-Mart Stores, Inc.
c/o CT Corporation Systems
111 8th Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ALYSSA BOMPARTITO and JOSEPH BOMPARTITO,

                           Plaintiff(s),

     -against-

WALMART and WAL-MART STORES, INC.,

                           Defendant(s).
-----------------------------------------------------------------------X

Index No.:

**E-FILED VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, GRUENBERG KELLY DELLA, complaining of the Defendants, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF ALYSSA BOMPARTITO

1. That at all times herein mentioned, plaintiffs were, and still are, residents of the County of Suffolk, State of New York.

2. That the cause of action alleged herein arose in the State of New York, County of Suffolk.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned and upon information and belief, defendant, WALMART, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

7. That at all times hereinafter mentioned and upon information and belief, defendant, WAL-MART STORES, INC., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

8. That defendant, WALMART committed a tortious act within the State of New York.

9. That defendant, WAL-MART STORES, INC. committed a tortious act within the State of New York.

10. That defendant, WALMART regularly does, or solicits, business in the State of New York.

11. That defendant, WAL-MART STORES, INC. regularly does, or solicits, business in the State of New York.

12. That defendant, WALMART received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

13. That defendant, WAL-MART STORES, INC., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

14. That at all times herein mentioned, defendant, WALMART, was in the business of selling, manufacturing and/or distributing, among other things, folding tables for the purpose of sale and use to the general public.

15. That at all times herein mentioned, defendant, WAL-MART STORES, INC., was in the business of selling, manufacturing and/or distributing, among other things, folding tables for the purpose of sale and use to the general public.

16. That at all times herein mentioned, defendant, WALMART, was in the business of selling, manufacturing and/or distributing, among other things, folding tables for the purpose of sale and use to businesses.

17. That at all times herein mentioned, defendant, WAL-MART STORES, INC., was in the business of selling, manufacturing and/or distributing, among other things, folding tables for the purpose of sale and use to businesses.

18. That defendant, WALMART, manufactured, produced, distributed and/or sold a certain product called "Mainstays Fold-in-Half Table."

19. That defendant, WAL-MART STORES, INC., manufactured, produced, distributed and/or sold a certain product called "Mainstays Fold-in-Half Table."

20. That at all times herein mentioned, WALMART, was a retail seller of a certain product called "Mainstays Fold-in-Half Table."

21. That at all times herein mentioned, WAL-MART STORES, INC., was a retail seller of a certain product called "Mainstays Fold-in-Half Table."

22. That at all times herein mentioned, and prior to April 8, 2020, defendant, WALMART, manufactured, sold, retailed, distributed and/or delivered the above mentioned product.

23. That at all times herein mentioned, and prior to April 8, 2020, defendant, WAL-MART STORES, INC., manufactured, sold, retailed, distributed and/or delivered the above mentioned product.

24. That prior to April 8, 2020, the plaintiff, ALYSSA BOMPARTITO, purchased said product from the defendant, WALMART.

25. That prior to April 8, 2020, the plaintiff, ALYSSA BOMPARTITO, purchased said product from the defendant, WAL-MART STORES, INC.

26. That prior to April 8, 2020, the plaintiff, ALYSSA BOMPARTITO, purchased said product from and authorized agent and/or retailer of the defendant, WALMART.

27. That prior to April 8, 2020, the plaintiff, ALYSSA BOMPARTITO, purchased said product from and authorized agent and/or retailer of the defendant, WAL-MART STORES, INC.

28. That defendant, WALMART, warranted said product was fit for the purpose for which it was intended.

29. That defendant, WAL-MART STORES, INC., warranted said product was fit for the purpose for which it was intended.

30. That defendant, WALMART, warranted said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

31. That defendant, WAL-MART STORES, INC., warranted said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

32. That the defendant, WALMART, impliedly warranted that the said product was of merchantable quality and was safe for use.

33. That the defendant, WAL-MART STORES, INC., impliedly warranted that the said product was of merchantable quality and was safe for use.

34. That the defendant, WALMART, warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

35. That the defendant, WAL-MART STORES, INC., warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

36. That on April 8, 2020, relying upon said warranties and/or written instructions, plaintiff, ALYSSA BOMPARTITO, proceeded to use the said product in accordance with its intended use.

37. That on April 8, 2020, plaintiff, ALYSSA BOMPARTITO, while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

38. That the aforesaid accident was caused solely and wholly by reason that defendant, WALMART, breached its warranties of merchantability and fitness for intended use of the said product which warranties were both expressed and implied.

39. That the aforesaid accident was caused solely and wholly by reason that defendant, WAL-MART STORES, INC., breached its warranties of merchantability and fitness for intended use of the said product which warranties were both expressed and implied.

40. That by reason of the foregoing, plaintiff, ALYSSA BOMPARTITO, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

41. That this action falls within one or more exception set forth in §1602 of the CPLR.

42. That as a result of the foregoing, plaintiff, ALYSSA BOMPARTITO, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF ALYSSA BOMPARTITO

43. That plaintiff, ALYSSA BOMPARTITO repeats, reiterates and realleges each and every allegation contained in the first cause of action, together with the same force and effect as though set forth at length herein.

44. That said product was defective and that said defect was a substantial factor in causing the injury to the plaintiff, ALYSSA BOMPARTITO.

45. That on April 8, 2020, plaintiff, ALYSSA BOMPARTITO, used the product for the purpose and use normally intended.

46. That on April 8, 2020, plaintiff, ALYSSA BOMPARTITO, was using said product, said product malfunctioned causing plaintiff to suffer severe bodily injuries.

47. That by reason of the foregoing, the defendant, WALMART, their agents, servants, employees and/or licensees are liable to plaintiffs in strict liability and tort, and/or strict product liability.

48. That by reason of the foregoing, the defendant, WAL-MART STORES, INC., their agents, servants, employees and/or licensees are liable to plaintiffs in strict liability and tort, and/or strict product liability.

49. That by reason of the foregoing, plaintiff, ALYSSA BOMPARTITO, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF ALYSSA BOMPARTITO

50. That plaintiff, ALYSSA BOMPARTITO, repeats, reiterates and realleges each and every allegation contained in the first and second causes of action herein, together with the same force and effect, as though set forth at length herein.

51. That plaintiff, ALYSSA BOMPARTITO, was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the defendant, WALMART, their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

52. That plaintiff, ALYSSA BOMPARTITO, was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the defendant, WAL-MART STORES, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

53. That by reason of the foregoing, plaintiff, ALYSSA BOMPARTITO, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

AS AND FOR A FOURTH CAUSE OF ACTION
<u>ON BEHALF OF JOSEPH BOMPARTITO</u>

54. Plaintiff, JOSEPH BOMPARTITO, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though same more fully set forth at length herein.

55. That at all times hereinafter mentioned, plaintiff, JOSEPH BOMPARTITO, is the spouse of the plaintiff, ALYSSA BOMPARTITO, and as such was entitled to the society, services and consortium of his spouse, ALYSSA BOMPARTITO.

56. That by reason of the foregoing, plaintiff, JOSEPH BOMPARTITO, has been deprived of the society, services and consortium of the plaintiff, ALYSSA BOMPARTITO, and may forever be deprived of said society, services and consortium.

57. That by reason of the foregoing, plaintiff, JOSEPH BOMPARTITO, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction; on the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction; on the Third Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction; and on the Fourth Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
       November 19, 2020

Yours, etc.

_____
SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 200235

INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK      SS.:

_Alyssa Bomparito_ being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed

_Summons and Complaint_

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

x _Alyssa Bomparito_

Sworn to before me this
_19_ day of _November_ 20 _20_

_Vanessa Lopez_
Notary Public

```
VANESSA R. LOPEZ
Notary Public, State of New York
Registration #01LO6312687
Qualified In Suffolk County
Commission Expires October 6, 20 22
```